UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

IN RE:

CONSOLIDATED ENERGY, INC., et al.

DEBTORS                                          CASE NO. 07-70314
                                                 CHAPTER 11
                                                 Jointly Administered

## MEMORANDUM OPINION

This matter is before the court to resolve a dispute between Mountain Machinery, Inc. ("MMI") and Gryphon Master Fund, L.P., individually and as collateral agent for the Asset Lien Noteholders (collectively "Gryphon"), over certain of the proceeds from the transaction approved in the Order Authorizing the Sale of the Debtors' Assets. . . ("the Sale Order") entered in this case on December 27, 2007. The Debtors are holding the disputed amount, $659,168.02 in escrow ("the Escrowed Funds"). This matter has been submitted to the court for decision pursuant to an Order of Submission entered herein on April 10, 2008.

1. Factual and procedural history

The Debtors filed their Chapter 11 case in this court on July 12, 2007. As of the date they filed, the Debtors were indebted to Gryphon in the amount of $23,000,000.00. Post-petition financing was approved for the Debtors by way of several orders ("the Financing Orders"), pursuant to which Gryphon was determined to hold valid, properly filed and perfected first priority liens on and security interests in virtually all of the Debtors' property. Pursuant to the terms of the Financing Orders, parties had until December 24, 2007 to challenge

1

Gryphon's interests; no such challenges were filed.

As set out above, the court entered the Sale Order (Doc. #368) on December 20, 2007, authorizing the sale of the Debtors' assets to ("the Purchaser").  On January 4, 2008, MMI filed a Motion to Set Valuation Hearing (Doc. #378).  That Motion, brought pursuant to Bankruptcy Code section 506 and Bankruptcy Rule 9014, sought a hearing on "the extent and validity of [MMI's] materialman's lien attaching to real property subject to an assumed lease..."  Gryphon filed an Objection to that Motion (Doc. #383), as did the Debtors (Doc. #384).  The matter was heard on January 10, 2008.

In the course of the January 10, 2008 hearing, counsel for MMI stated that his client had a lawsuit pending in state court involving its dispute with the Debtors and the landowner ("the Lessors") over its claim regarding a coal wash plant MMI had constructed on land the Debtors were leasing.  MMI had filed a mechanics' and materialmen's lien in regard to the claim (TH, p. 2). A copy of that lien has been provided to the court, indicating the assertion of a lien on the wash plant and on the real property upon which it was constructed.  The lien was lodged for record on May 30, 2006.  Counsel stated that MMI's claim was not secured (TH, p. 3).  He further stated that MMI was indifferent to whether its claim was paid out of the Escrowed Funds or whether it was determined to be independent of the purchase of the Debtors' assets, requiring that MMI negotiate the value of its claim with the Purchaser (TH, p.4).

At the conclusion of the hearing, the court directed that an order be prepared "reciting the assertion by Mountain Machinery that Gryphon claims that the money is theirs, that Mountain Machinery

2

doesn't have a lien against the debtor apparently, that no cure claim has been asserted as it related to these funds, and that unless objection is filed within 20 days the order will become final and the claim of Mountain Machinery does not attach to this sum of money." (TH, p. 11).  The Order Denying Motion of Mountain Machinery, Inc. to Set Valuation Hearing (the "Valuation Order")(Doc. #391) was entered on January 22, 2008.  The Valuation Order included, in pertinent part, the following findings:

> 3.  Pursuant to . . . the Financing Orders, this Court found and held that Gryphon holds a valid, properly filed and perfected first priority security interest in and to substantially all of the assets of the Debtors . . . The deadline for challenges to be brought to the liens and claims of Gryphon or to bring causes of action available to the estates against Gryphon was December 24, 2007.  No actions or challenges were brought by any party in interest. In addition, pursuant to the Sale Order, the Official Committee of Unsecured Creditors, on behalf of itself and the estates, as a result of a compromise approved by this Court, released Gryphon from any and all claims and causes of action.
>
> . . . .
>
> 5.  Prior to the Petition Date, the Debtors and E.P. Stepp, Jr. (the "Lessor") entered into a lease of non-residential real property for certain real property . . . As part of the sale process, the Lessor was require to file an objection, if any, to the Debtors' stated cure amount prior to the entry of the Sale Order.  The Debtors also filed a Supplemental Notice . . . which provided due and proper notice to the Lessor.  No objection to the Debtors' stated cure amount of $8,206.52 . . . was filed by the Lessor.
>
> Valuation Order, ¶¶ 3, 5.

MMI and the Lessors filed a Joint Objection (Doc. #396) to this Order on February 6, 2008.  On the same date they filed a Joint Motion to Clarify Order Denying Motion or in the Alternative, Alter, Amend or Vacate Order Denying Motion (Doc. #397).  Gryphon filed an Objection to Joint Motion to Clarify Order Denying Motion and Response to Joint

Objection to Order Denying Motion (Doc. #409) on February 26, 2008. MMI filed a Response to Gryphon's Objection and an Objection to its Response (Doc. #414) on March 11, 2008.  On March 13, 2008 the court conducted a hearing on the Motion to Clarify.  The Purchaser appeared by counsel at that hearing and was given briefing time; on March 19, 2008 it filed a Motion to Declare Mountain Machinery, Inc.'s KRS § 376.140 Lien Fully Adjudicated (Doc. #417), to which MMI and the Lessors filed a Joint Response (Doc. #419) on March 28, 2008.  The matter was then taken under submission as set out above.

  2. <u>Discussion</u>

  MMI takes the position that the Sale Order expanded the definition of "Assets" in the Asset Purchase Agreement ("APA")(Doc. #331), and that the Sale Order and the Valuation Order are therefore "incongruent."  MMI contends that its foregoing a secured claim in any property that was the subject of the Sale Order was based on its understanding that the APA between the Debtors and the Purchaser defined "Assets" as "the Real Property, the Contracts, the Permits, the Equipment, the Personal Property and the Certificates of Deposit." (APA, ¶ 1) Apparently, MMI does not believe that the coal wash plant was included in the definition of Assets as its Joint Objection goes on to state that

> [i]t now appears that the Sale Order entered on December 20, 2007 does not consistently define the Debtors' Assets and may have inadvertently broadened the term.  The Sale Order refers to the Assets as:
>> substantially all of the assets relating to [the Debtors'] respective mining operations located in Kentucky, the improvements thereon and fixtures, equipment and personal property located therein as well as the Debtors' unexpired leases, contract rights, and general intangibles (collectively the "Assets"), all as more fully

>           set forth in that Asset Purchase Agreement dated
>           December 7, 2007 and filed with the Court on
>           December 12, 2007 [Doc. No. 331] ("APA")....

MMI's Joint Objection, pp. 2-3 (quoting from the Sale Order).

  MMI's current protest that the Sale Order "does not consistently define the Debtors' Assets and may have inadvertently broadened the term" is puzzling.  MMI's counsel asserted at the January 10, 2008 hearing that MMI's claim was unsecured, based on its belief as set out above that the APA did not include the coal wash plant among the Debtors' assets.  The Sale Order, however, is what put the terms of the APA into effect.  MMI's only response to the entry of the Sale Order, however, was to file its Motion to Set Valuation Hearing.  If MMI found the definitions of the Debtors' assets in the APA and the Sale Order to be inconsistent, it raised no objection at the time.  Further, MMI has raised no intervening act or circumstance that now renders the terms of the APA and the Sale Order inconsistent.

  As concerns the extent and priority of liens, there is no dispute that Gryphon's liens are valid, properly filed and perfected first priority liens, and that the opportunity to object to or challenge them passed as of December 24, 2007 under the terms of the Financing Orders as set out above.  More significantly, the collateral sold for many millions less than the amount secured by Gryphon's liens. There was no value in the collateral to which MMI's claimed junior lien could attach.  Gryphon further points out that MMI filed a general unsecured claim in this case in the amount of $659,168.02, while asserting that it had a secured claim under state law as its claim was secured by real property.  Gryphon contends that MMI is estopped for this reason alone from claiming any proceeds from the sale of the

Debtors' assets as a secured creditor.  For all the reasons heretofore set forth, the court agrees with Gryphon that MMI has no claim on any part of the Escrowed Funds.

Finally, the Purchaser has moved the court to clarify the Valuation Order to state that MMI's claims have been adjudicated in this action.  The Purchaser points out that the Sale Order expressly provided that the Debtors' assets were sold free and clear of all liens and claims, and that liens and claims were defined to include mechanics' and materialmen's liens.  The Purchaser is correct in its interpretation of the Sale Order.  MMI's claim had its origin in its lawsuit against the Lessors which MMI asserted created a cure obligation upon the Debtors.  The Asset Purchase Agreement provided for a cure payment in this regard in the amount of $8,206.52.  The Lessors never filed a claim in this proceeding, nor did they object to the cure amount.  Pursuant to the terms of the Sale Order, all outstanding delinquencies under the lease between MMI and the Lessors were cured when the lease was assigned to the Purchaser.  The court agrees with the Purchaser that the Lessors have nothing to do with MMI's claim in this proceeding.

Having considered the briefs and arguments of the parties, the court concludes that MMI's Joint Objection and Motion to Clarify should be overruled, and further that the Purchaser's Motion to Clarify should be sustained.  An order in conformity with this opinion will be entered separately.

Copies to:

James D. Lyon, Esq.
Chrisandrea Turner Ingram, Esq.

```
Ronald E. Gold, Esq.
Michael S. Endicott, Esq.
D. Barry Stilz, Esq.
```

7

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*William S. Howard*
**Bankruptcy Judge**
**Dated: Thursday, May 29, 2008**
**(wsh)**